UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOMINIQUE MERRIMAN,

Plaintiff,

v.

J. LIZARRAGA, et al.,

Defendants.

No. 2:17-cv-1701 MCE KJN P

ORDER

I. Introduction

Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel. Plaintiff's second amended complaint is now before the court. As discussed below, plaintiff's pleading is dismissed with leave to amend.

II. Screening Standards

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

III. Background

Plaintiff's amended complaint named 183 defendants, including doe defendants, and alleged 32 different causes of action alleging constitutional violations arising from various incidents at Mule Creek State Prison ("MCSP"), as well as the Amador County Jail. The amended complaint was dismissed because plaintiff's claims were not properly joined. (ECF No. 7 at 3.) Plaintiff was provided detailed guidance as to proper joinder and how to plead cognizable claims identified in his amended complaint, and the court identified allegations that failed to state a cognizable claim. (ECF No. 7 at 3-12.)

Plaintiff's second amended complaint names 81 defendants who are all employed at MCSP, and raises 22 separate causes of action.

IV. Discussion

The court has reviewed the second amended complaint pursuant to § 1915A and finds it must be dismissed because the claims asserted in the complaint are again not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Specifically, plaintiff alleges, *inter alia*, that he was improperly strip searched on October 29, 2015, as a result of the policy of defendants Lizarraga, Motley and Almadovor (claim one); was improperly treated by defendants Ivey, Amos, Pennington, Ybarra, Danson, Steele, Garcia, Rodriguez, Ponder, Caplan and Worrell for mental health issues on July 12, 2017 (claim two); that on July 17, 2017, defendants falsified plaintiff's medical records to force a medical transfer (claim three); on July 16 and 17, 2017, defendant Herrera improperly forced plaintiff to a mental health crisis bed (claim four & fourteen); on August 2, 2017, after plaintiff expressed suicidal ideation, defendants Ablog, Best, Ponder, Caplan, Frye and Andrada forced plaintiff to stand in a small holding cage for over four hours (claim five); on August 2, 2017, defendant Andrada improperly treated plaintiff's suicidal ideation (claim six); during an altercation between two

2

inmates in the early months of 2017, pepper spray contaminated food trays and defendants Self, Link, Dawson and Wynn refused to replace food, forcing the inmates to eat the contaminated food or go hungry (claim seven);[1] on July 22, 2017, defendants Zirzow and Fentes refused to accept plaintiff's medical slip for excruciating ankle pain (claim eight); on December 23, 2015, defendants Menitt and Andreas improperly treated plaintiff's mental health issues (claim nine); on December 14, 2015, defendants Pogue and Mcament improperly treated plaintiff's mental health symptoms (claim ten); on July 29, 2017, defendant Rich searched plaintiff's cell and improperly confiscated plaintiff's legal mail and documents (claim eleven); from February 20, 2016, through May 2017, defendants Telander, Gaither, Almadovar, Tice, Rhamany, Ivey, Kim, Driess, Tumiel, Yanez, Sullivan, Worell, Lizarraga, Pederson, Motley, Ortega, Bautista, Meeker, Wood, Wallis, Navarro, Mann, Coffman and Rocke allowed or took part in calling plaintiff derogatory names (claim twelve);[2] on an unidentified date, defendants Ferruci, Bozeman, Iverson and Shoemaker refused to call medical for plaintiff who had immense pain from an infected tooth and mouth (claim thirteen); from 2015 to 2017, defendant Lowry was deliberately indifferent to plaintiff's serious mental health needs (claim fifteen); on August 19, 2017, defendant Rodriguez improperly wrote up plaintiff for indecent exposure (claim sixteen);[3] around February of 2016, plaintiff's tv headphones were taken by defendant Tillery (claim seventeen);[4] on July 13, 2017, defendants Ramos, Miana and Best refused to call medical despite being told plaintiff ingested lethal dose of Tylenol and stomach pills (claim eighteen); on July 1, 2017, defendant Iheke

---

[1] Being deprived of one meal is insufficient to state a cognizable civil rights claim. (ECF No. 7 at 11.)

[2] Verbal harassment or name calling fails to state a cognizable civil rights claim. (Id. at 10.)

[3] To the extent that plaintiff accuses Rodriguez of "falsely" accusing plaintiff of indecent exposure, such claim runs afoul of numerous district court opinions holding that the mere issuance of a false disciplinary charge fails to state a cognizable claim for relief under Section 1983. See, e.g., Lee v. Whitten, 2012 WL 4468420 (E.D. Cal. Sep. 25, 2012) ("A prisoner does not have a constitutional right to be free from falsified disciplinary reports."); Harper v. Costa, 2009 WL 1684599 (E.D. Cal. Jun. 16, 2009) (citing eleven prior orders issued by California district courts reaching the same conclusion).

[4] Deprivation of personal property allegations fail to state a § 1983 claim. (ECF No. 7 at 10.)

infringed on plaintiff's right to refuse medical treatment (claim twenty); during July and August of 2017, Best, McKinnon, Allison, Davis, Drake, Zirzow, Lamb, Haggart, Sanchez, Brousard, Pierce, Ablog, Rich, Gagnon and Richards subjected plaintiff to inhumane living conditions (claim 21). In his 19th claim, plaintiff alleges that on July 12, 2017, plaintiff was allowed to have over 19,500 mg of Tylenol in his cell, unobserved, which was deliberately indifferent to his serious mental health needs because it puts him at risk of suicide attempts and subjects him to a risk of substantial harm. Plaintiff names defendants Clark-Barlow, Sullivan, Worrell, Russell, Ivey, J. Ponder, Caplan, Lizarraga, Telander, Coffin, Mann, Spirin, Sacks, Rudas, Best, Miana, Ramos, Motley, Walizer, Almadovar, Pederson, Stephens, Bacca, Cochran, Flanigan, Wallis, Wood, Steele, and Kathleen Allison in connection with this claim, stating each is aware that such lack of policy is unconstitutional through working in mental health, grievances, plaintiff's testimony, public records, medical records, inmate file, and incidents with other inmates. (ECF No. 10 at 33.) In his 22nd claim, plaintiff alleges that the combined effect of all of the allegedly unconstitutional acts set forth above arose out of the same series of transactions and shared unconstitutional policy with regard to the day-to-day dealings with plaintiff. (ECF No. 10 at 38.) He claims that his 21 [sic] causes of action based on the above allegedly unconstitutional acts arose from the same series of transactions and occurrences because they all occurred at MCSP and stem from unconstitutional policies and have an unconstitutional impact on plaintiff.

Plaintiff has failed to identify an overarching policy that governs all of the myriad incidents he challenges in his amended pleading, and fails to allege facts sufficient to demonstrate that any of them evolved into a policy. Moreover, plaintiff may not circumvent the rules of joinder by simply alleging actions were taken pursuant to an unidentified policy or policies, or a lack of a policy. Further, even assuming a particular defendant acted pursuant to a particular policy, or lack of a policy, the rules of joinder require that plaintiff's claim must (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. Finally, if plaintiff wishes to challenge the lack of a specific policy, he must name defendants responsible for setting policy, not defendants who are simply following existing policies.

4

Just because all of the alleged incidents took place at MCSP does not mean they arose out of the same transaction, occurrence, or series. Plaintiff was previously informed that these claims at MCSP were not part of the same transaction, occurrence or series. (ECF No. 7 at 3.) While some of plaintiff's claims arise under the Eighth Amendment, others allege different constitutional violations, and most do not present questions of law or fact common to all of the named defendants.

Because plaintiff has again alleged numerous unrelated claims against numerous unrelated defendants, the second amended complaint must also be dismissed. The dismissal of the improperly joined claims and parties means only that they cannot be pursued in this action. Plaintiff is free to file a new action as to the claims he chooses not to pursue in this action. In other words, plaintiff may only pursue related claims against the same defendant or defendants in this action; unrelated claims against different defendants must be filed in separate actions.

The court previously provided plaintiff with detailed information as to his potential causes of action and will not repeat them here. (ECF No. 7 at 3-12.)

Finally, plaintiff's original complaint was signed on August 11, 2017, and filed on August 16, 2017. (ECF No. 1.) A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a) (also known as the Prison Litigation Reform Act ("PLRA")). Proper exhaustion is mandatory, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and "demands compliance with an agency's deadlines and other critical procedural rules[,]" <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). Here, plaintiff's allegations concerning incidents that took place in July and August of 2017 occurred very close to the filing date of this action. Plaintiff is cautioned that he risks further delay in the consideration of his claims if he failed to fully exhaust his administrative remedies prior to filing the instant action. In other words, plaintiff is required to exhaust each claim through the third level of review before he files the claim in federal court.[5]

---

[5] "[A] prisoner may administratively appeal 'any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.' Cal. Code Regs. tit. 15, § 3084.1. There is one informal level and three formal levels of review, although lower levels of review may be

1          For all of the above reasons, plaintiff's second amended complaint must be dismissed.

V. Leave to Amend

Because plaintiff is proceeding with a second amended complaint, it appears that plaintiff has been provided several opportunities in which to state a cognizable civil rights claim. The undersigned must determine whether plaintiff can amend his pleading to state a cognizable claim and omit unrelated claims.

The record reflects that plaintiff filed his first amended complaint as of right, without benefit of the court's assistance in pleading. Moreover, following the court's screening order, plaintiff did omit numerous claims and defendants from his second amended complaint. It appears plaintiff attempted to comply with the court's order.

Therefore, in an abundance of caution, plaintiff is granted one final opportunity to file a third amended complaint. However, such pleading may only raise related claims against the same defendants. Plaintiff is not granted leave to file a pleading that contains a laundry list of various incidents occurring over a period of years. Rather, plaintiff should focus on one incident and name only those defendants involved in such incident; then, if he has other claims against one of those named defendants, he may include that claim. But plaintiff must raise unrelated claims against other defendants in separate civil rights actions. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed based on plaintiff's failure to comply with court orders. Fed. R. Civ. P. 41(b).[6]

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423

---

bypassed by administrators. To satisfy the exhaustion requirement of the PLRA, 42 U.S.C. § 1997e(a), a prisoner is generally required to appeal the grievance and receive a decision at the third level of review. Cal. Code Regs. tit. 15, § 3084.1(b)." Draper v. Rosario, 836 F.3d 1072, 1077 (9th Cir. 2016). See also ECF No. 7 at 13-14 & n.2.

[6] "**Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

6

U.S. 362, 371 (1976).  Also, the pleading must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May, 633 F.2d at 167; Johnson v. Duffy, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff should review the standards provided in the prior screening order.  (ECF No. 7.)

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[7]  See Fed. R. Civ. P. 20(a)(2).

By signing a third amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original and amended pleading no longer serve any function in the case.  Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

---

[7] Plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George, 507 F.3d at 607.

7

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

Failure to file a third amended complaint in accordance with this order will result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: February 1, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/merri1701.14b

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DOMINIQUE MERRIMAN, | No. 2:17-cv-1701 MCE KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| J. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____  Third Amended Complaint

DATED:

_____

Plaintiff