UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, et al.,<br><br>Defendants. | No. 2:17-cv-1701 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed on August 11, 2017,[1] under 42 U.S.C. § 1983. By order filed February 1, 2018, plaintiff's second amended complaint was dismissed with leave to file a third amended complaint. Plaintiff has now filed a third amended complaint.

In his first claim for relief, plaintiff alleges that defendants Ivey (psyd),[2] Amos (psyd), RN Pennington, Correctional Officer Sgt. Ybarra, Danson (R.T.), Steele (CC1 (correctional counselor 1)), Garcia (O.T.), RN Rodriguez, Ponder (psyd supervisor) and Caplan (psyd), all alleged members of the mental health team overseeing the decision whether to discharge plaintiff from

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2] "Psyd" appears to be an acronym for Doctor of Psychology.

1

the mental health care crisis bed ("MHCB"), discharged plaintiff from the MHCB on July 12, 2017, despite knowing: plaintiff's history of suicide attempts; he was housed in the MHCB under suicide watch, plaintiff did not yet feel safe enough to be discharged back to regular housing, and plaintiff was at high risk of hurting himself or committing suicide if discharged. Such discharge allowed plaintiff to come into possession of over 15,900 milligrams of pills, which plaintiff subsequently ingested to try to kill himself. In his second claim for relief, plaintiff alleges that following his release from the MHCB on July 12, 2017, defendants and correctional officers Ramos, Miana, and Best refused to summon emergency medical attention when plaintiff informed them that he had ingested the 15,900 milligrams of pills in an attempt to kill himself. Rather, such defendants told plaintiff they were not calling medical and he should fill out a medical request slip and a doctor would see him in a few days. Plaintiff alleges he suffered dizziness, nausea, itching, and had trouble breathing "for a couple of hours before an additional nurse became aware and had plaintiff rushed to the hospital where he stayed for days undergoing life-saving treatment." (ECF No. 14 at 5.)

Plaintiff alleges all of these defendants were deliberately indifferent to plaintiff's serious mental health needs by their actions and inactions on July 12, 2017.

The third amended complaint states potentially cognizable Eighth Amendment claims for relief against defendants Ivey, Amos, Pennington, Ybarra, Danson, Steele, Garcia, Rodriguez, Ponder, Caplan, Ramos, Miana, and Best under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the third amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, in his third claim, plaintiff initially alleges his Eighth Amendment right to be free from cruel and unusual punishment was violated. (ECF No. 14 at 6.) Plaintiff then asserts that he "has suffered physical and emotional trauma due to a policy (informal)" of defendants Lizarraga, Allison, Worrell, Telander, and Sullivan "that provides for all defendants in this complaint to ignore inmate mental health patients' thoughts/warnings of self-harm without punishment even in the face of actual suicide attempts by plaintiff on numerous occasions." (ECF No. 14 at 6.) Plaintiff claims that even though all of the named defendants' positions allow

2

them to intervene, the named defendants "refused to intervene by allowing their subordinates to continue this treatment of plaintiff and others." (Id.) Plaintiff alleges that the defendants named in claim three "hold supervisory positions in their respected fields" and were "put on notice that these incidents as well as others were taking place in their department. All defendants named here refused to intervene." (Id.) Plaintiff alleges that "defendants' inactions" led to plaintiff's suicide attempt on July 13, 2018. (Id.)

Plaintiff's allegations in claim three are too vague and conclusory to state a cognizable claim. First, as plaintiff was previously advised, supervisory officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. (ECF No. 7 at 4.) Moreover, plaintiff fails to allege sufficient facts to demonstrate the existence of an informal policy. An informal policy exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." See City of St. Louis v. Praprotnik, 485 U.S. 485 U.S. 112, 127 (1988). Such a practice, however, cannot ordinarily be established by a single constitutional deprivation, a random act, or an isolated event. Christie v. Iopa, 176 F.3d 1231, 1235 (9th Cir. 1999). Instead, a plaintiff must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was "so permanent and well settled" as to carry the force of law. See Praprotnik, 485 U.S. at 127. Here, although plaintiff alludes to "other incidents," he provides no factual allegations concerning such incidents. In addition, although he vaguely claims they were "on notice," plaintiff includes no facts demonstrating that defendants Lizarraga, Allison, Worrell, Telander, and Sullivan were involved or connected to the events surrounding plaintiff's release from the MHCB on July 12, 2017, or his suicide attempt on July 13, 2017. Finally, such vague allegations fail to demonstrate that any informal policy challenge is properly joined to plaintiff's Eighth Amendment claims against the remaining defendants based on the discrete events of July 12 and 13, 2017. For all of these reasons, plaintiff's claim three against defendants Lizarraga, Allison, Worrell, Telander, and Sullivan should be dismissed from this action without prejudice.

////

As explained in the February 1, 2018 order, plaintiff has been provided multiple opportunities in which to amend his pleading, and to plead claims that are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 12 at 6-7 & n.7.) Plaintiff was warned that he had one final opportunity in which to file an amended pleading. Following review of the prior pleadings and screening orders, the undersigned concludes that plaintiff should not be provided another opportunity to amend his pleading at this stage of the proceedings.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Ivey, Amos, Pennington, Ybarra, Danson, Steele, Garcia, Rodriguez, Ponder, Caplan, Ramos, Miana, and Best;

2. The Clerk of the Court shall send plaintiff thirteen USM-285 forms, one summons, an instruction sheet and a copy of the third amended complaint filed February 28, 2018.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Fourteen copies of the endorsed amended complaint filed February 28, 2018.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS HEREBY RECOMMENDED that plaintiff's third claim against defendants Lizarraga, Allison, Worrell, Telander, and Sullivan be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 8, 2018

_____<br>
KENDALL J. NEWMAN<br>
UNITED STATES MAGISTRATE JUDGE

/merr1701.1.fr

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:17-cv-1701 MCE KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

\_\_\_\_    completed summons form

\_\_\_\_    completed USM-285 forms

\_\_\_\_    copies of the _____
                    Third Amended Complaint

DATED:

                                          _____
                                          Plaintiff

1